UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                                           PLAINTIFF

v.                                           No. 2:15-CR-20016

BRAD MIDDLETON                                                                                                        DEFENDANT

## OPINION AND ORDER

Defendant Brad Middleton filed a motion (Doc. 37) to modify his sentence pursuant to the First Step Act amendments to 18 U.S.C. § 3582(c). No response was filed, but no response is necessary. In addition to the motion, the Court has reviewed other documents on the record, including the presentence investigation report (Doc. 31). The motion will be DENIED.

The Court may modify a term of imprisonment on motion by a defendant if the defendant has exhausted BOP administrative remedies or that process has stalled for 30 days, extraordinary and compelling reasons consistent with Sentencing Commission policy statements warrant the modification, and a consideration of 18 U.S.C. § 3553(a) factors supports modification. 18 U.S.C. § 3582(c).

Defendant pled guilty to one count of knowing distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) & (b)(1). On February 2, 2016, the Court found a significant downward variance was necessary to comply with the goals of sentencing and Defendant was sentenced to 100 months imprisonment and five years supervised release. Defendant's current projected release date is October 19, 2022, and Defendant requests modification of his sentence to time served. It is unclear if Defendant has exhausted his administrative remedies.

Defendant's motion will be denied because the § 3553(a) factors do not support modification of Defendant's sentence. As to the nature and circumstances of the offense,

Defendant engaged in online conversation with an undercover officer who posed as a mother with a 10-year-old daughter and distributed child pornography to the undercover officer. The pornographic material shared depicted horrific conduct and Defendant discussed, with the undercover officer, meeting in person to commit a hands-on offense against the decoy 10-year-old. However, as the Court noted at sentencing, Defendant did not commit a hands-on offense and it appeared Defendant recognized committing a hands-on offense was a line he should not cross. As stated above, the Court imposed a significant downward variance to 100 months imprisonment. Although the Court understands the difficulties Defendant has had in prison and the family illnesses, the § 3553(a) factors including the need to reflect the seriousness of the offense and the need to protect the public weigh against a reduction of Defendant's sentence to time served and Defendant's motion will be denied.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 37) is DENIED.

IT IS SO ORDERED this 7th day of October, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE